Glen D. Savits, Esq. (NJ Bar #029921982)
Laura M. LoGiudice, Esq. (NJ Bar #022721999)
**GREEN SAVITS, LLC**
25B Vreeland Road, Suite 207
Florham Park, New Jersey 07932
*Email:* gsavits@greensavits.com
*Telephone*:   (973) 695-7777
*Facsimile*:    (973) 695-7788
*Attorneys for Plaintiff Suzanne Vogler*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUZANNE VOGLER,**<br><br>                               **Plaintiff,**<br><br>vs.<br><br>**MORRIS COUNTY,**<br><br>                               **Defendant.** | Civil Action No.<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Suzanne Vogler, by way of Complaint, alleges and says:

### JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. §1331 and the doctrine of pendent jurisdiction.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§139(b) (1) and (2) because the defendant is a resident of this district and the cause of action arose in this district.

### THE PARTIES

3.      Plaintiff Suzanne Vogler ("Plaintiff") currently resides in Morris County, New Jersey.

1

4. Defendant, Morris County, is a political subdivision of the State of New Jersey, and an employer as that term is defined by 29 U.S.C. §203(d) and *N.J.S.A.* 34:11-56a1(h).

5. Defendant's Department of Human Services, Division of Employment and Temporary Assistance, Offices of Temporary Assistance Program Services with offices at 340 West Hanover Ave., Morristown, Morris County, New Jersey 07960, administers the Supplemental Nutrition Assistance Program (SNAP), General Assistance, Medicaid, Temporary Assistance for Needy Families, Child Support and Paternity, and Social Services which includes volunteer services and homeless services.

6. At all times relevant to the Complaint, Plaintiff was employed by Defendant as a Human Service Specialist IV, and was a non-exempt employee pursuant to the provisions of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §203(e)(2)(c) and 29 U.S.C. §213, and New Jersey's Wage and Hour Law ("NJWHL"), *N.J.S.A.* 34:11-56a4 and *N.J.S.A.* 34:11-56a1(h).

## FACTUAL ALLEGATIONS

1. Plaintiff began her employment with Defendant in 1978 and ended her employment with Defendant on March 31, 2017.

2. At all times relevant to the Complaint, Plaintiff was to be paid $40.00 for each hour she worked as a Human Service Specialist IV, up to forty (40) hours per week.

3. Plaintiff was considered a non-exempt employee under the FLSA and the NJWHL. Therefore, for all hours that Plaintiff worked each week that exceeded forty (40) hours, Plaintiff was entitled to be paid time and a half amounting to $60 per hour.

4. At all times relevant to the Complaint, Defendant utilized a computer software program ("Program") to keep track of the hours worked by its employees and to calculate their pay. Defendant's employees, including Plaintiff, were required to electronically punch in and

out of work each day through the Program. The Program automatically rounded each punch-in **up** to the nearest quarter hour, and each punch-out **down** to the nearest quarter hour. The Program also automatically deducted one hour for lunch each day, regardless of whether or not a lunch break was taken.

5. Between November 17, 2014 and March 31, 2017, Plaintiff was denied wages for hours that she worked, and was denied proper overtime payments by Defendant.

6. At all times relevant to the Complaint, due to the rounding function of the Program as set forth above, Plaintiff's hours were under calculated each day by up to thirty minutes, depending upon her time of arrival and time of departure. Examples include, but are not limited to, the following:

   a. On November 25, 2014, Plaintiff punched in at 8:16 a.m., which time was rounded up by the Program to 8:30 a.m. On that same date, Plaintiff punched out at 8:05 p.m., which time was rounded down to 8:00 p.m. Therefore, on November 25, 2014, Plaintiff's time was reduced by nineteen (19) minutes.

   b. On December 23, 2014, Plaintiff punched in at 8:06 a.m., which time was rounded up by the Program to 8:15 a.m. On that same date, Plaintiff punched out at 7:38 p.m., which time was rounded down to 7:30 p.m. Therefore, on December 23, 2014, Plaintiff's time was reduced by seventeen (17) minutes.

   c. On January 23, 2015, Plaintiff punched in at 8:01 a.m., which time was rounded up by the Program to 8:15 a.m. On that same date Plaintiff punched out at 8:48 p.m., which time was rounded down to 8:45 p.m. Therefore, on January 23, 2015, Plaintiff's time was reduced by seventeen (17) minutes.

    d. On October 15, 2015, Plaintiff punched in at 8:17 a.m., which time was rounded up by the Program to 8:30 a.m. On that same date, Plaintiff punched out at 4:43 p.m., which was rounded down to 4:30 p.m. Therefore, on October 15, 2015, Plaintiff's time was reduced by twenty-six (26) minutes.

    e. On January 28, 2016, Plaintiff punched in at 8:19 a.m., which time was rounded up by the Program to 8:30 a.m. On that same date, Plaintiff punched out at 6:44 p.m., which time was rounded down to 6:30 p.m. Therefore, on January 28, 2016, Plaintiff's time was reduced by twenty-five (25) minutes.

    f. On May 17, 2016, Plaintiff punched in at 8:02 a.m., which time was rounded up by the Program to 8:15 a.m. On that same date, Plaintiff punched out at 7:22 p.m., which time was rounded down to 7:15 p.m. Therefore, on May 17, 2016, Plaintiff's time was reduced by twenty (20) minutes.

    g. On January 3, 2017, Plaintiff punched in at 8:20 a.m., which was rounded up by the Program to 8:30 a.m. On that same dated, Plaintiff punched out at 4:44 p.m., which time was rounded down to 4:30 p.m. Therefore, on January 3, 2017, Plaintiff's time was reduced by twenty-four (24) minutes.

7. As a result of the rounding errors, between November 17, 2014 and March 31, 2017, Defendant regularly failed to pay Plaintiff for all hours worked, and, at times, deprived Plaintiff of over-time pay.

8. During this same time period, the Program automatically reduced Plaintiff's hours by one (1) hour each day for lunch, regardless of whether or not Plaintiff actually took a lunch break.

9. Between November 17, 2014 and March 31, 2017, Plaintiff often worked through lunch, or took less than a full hour.

10. Defendant was aware that Plaintiff routinely worked through her lunch. In fact, during lunch, Plaintiff's supervisor regularly forwarded phone calls and emails that required Plaintiff's immediate attention.

11. As a result of the automatic daily one (1) hour reduction of Plaintiff's hours for lunch, between November 17, 2014 and March 31, 20017, Defendant failed to pay Plaintiff for all hours worked, and, at times, deprived Plaintiff of over-time pay.

12. At all times relevant to the Complaint, Defendant regularly failed to pay Plaintiff for all hours worked. Defendant is in possess of all records which would indicate times when Plaintiff was underpaid, however, examples of such underpayment include, but are not limited to, the following:

   a. On November 19, 2014, Plaintiff punched into work at 7:54 a.m. and punched out of work at 8:20 p.m. Therefore, the total amount of time Plaintiff worked on November 19, 2014 was twelve (12) hours and twenty-six (26) minutes. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and thirteen (13) minutes by the Program to eleven (11) hours and thirteen (13) minutes. However, Defendant paid Plaintiff for only nine (9) hours and thirty (30) minutes on November 19, 2014.

   b. On December 18, 2014, Plaintiff punched into work at 8:30 a.m. and punched out of work at 7:04 p.m. Therefore, the total amount of time Plaintiff worked on November 3, 2014 was ten (10) hours and thirty-four (34) minutes. Based

upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and four (4) minutes by the Program to nine (9) hours and thirty (30) minutes. However, Defendant paid Plaintiff for only seven (7) hours on December 18, 2014.

c. On March 24, 2015, Plaintiff punched into work at 8:08 a.m. and punched out of work at 6:21 p.m. Therefore, the total amount of time Plaintiff worked on March 24, 2015 was ten (10) hours and thirteen (13) minutes. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and fourteen (14) minutes by the Program to eight (8) hours and fifty-nine (59) minutes. However, Defendant paid Plaintiff for only seven (7) hours on March 24, 2015.

d. On November 16, 2015, Plaintiff punched into work at 7:19 a.m. and punched out of work at 6:17 p.m. Therefore, the total amount of time Plaintiff worked on November 16, 2015 was ten (10) hours and fifty-eight (58) minutes. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and thirteen (13) minutes by the Program to nine (9) hours and forty-five (45) minutes. However, Defendant paid Plaintiff for only eight (8) hours on November 16, 2015.

e. On February 9, 2016, Plaintiff punched into work at 8:06 a.m. and punched out of work at 7:06 p.m. Therefore, the total amount of time Plaintiff worked on February 9, 2016 was eleven (11) hours. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and fifteen (15) minutes by the Program to nine (9) hours and forty-five (45)

minutes. However, Defendant paid Plaintiff for only seven (7) hours on February 9, 2016.

f. On September 14, 2016, Plaintiff punched into work at 8:14 a.m. and punched out of work at 7:07 p.m. Therefore, the total amount of time Plaintiff worked on September 14, 2016 was ten (10) hours and fifty-three (53) minutes. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and eight (8) minutes by the Program to nine (9) hours and forty-five (45) minutes. However, Defendant paid Plaintiff for only seven (7) hours on September 14, 2016.

g. On December 21, 2016, Plaintiff punched into work at 7:58 a.m. and punched out of work at 6:17 p.m. Therefore, the total amount of time Plaintiff worked on December 21, 2016 was twelve (12) hours and nineteen (19) minutes. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and five (5) minutes by the Program to eleven (11) hours and fourteen (14) minutes. However, Defendant paid Plaintiff for only seven (7) hours on December 21, 2016.

h. On January 6, 2017, Plaintiff punched into work at 8:05 a.m. and punched out of work at 5:30 p.m. Therefore, the total amount of time Plaintiff worked on January 6, 2017 was nine (9) hours and twenty-five (25) minutes. Based upon the rounding issue and automatic lunch deduction, Plaintiff's hours were reduced by one (1) hour and ten (10) minutes by the Program to eight (8) hours and fifteen (15) minutes. However, Defendant paid Plaintiff for only seven (7) hours on January 6, 2017.

13. Defendant was well aware that Plaintiff was not getting paid for all hours that she worked, and continued in its conduct.

14. For example, on December 21, 2015, Plaintiff's supervisor forced her to work until approximately 1:00 a.m. completing evaluations because "evaluations have to be done." On that date, Plaintiff was suffering complications from a recent surgery, and was running a fever from a cellulitis infection. Plaintiff's supervisor was with Plaintiff the whole time until 1:00 a.m. and, thus, was well aware of the hours Plaintiff worked. Nonetheless, even though Plaintiff worked sixteen (16) hours and thirty-seven (37) minutes, she was only paid for twelve (12) hours.

15. Furthermore, in response to Plaintiff's complaints about not getting paid for all the hours that she worked, Plaintiff's supervisor continually expressed that Plaintiff worked too slowly.

16. For example, on or about February 24, 2015, Plaintiff's supervisor berated her for being on a call with a client for an hour. Plaintiff explained that the client was elderly, and was having a hard time understanding what was needed to have the case processed in thirty (30) days. Plaintiff then told her supervisor that she was sick of working free overtime. In response, Plaintiff's supervisor did not deny that Plaintiff was not being paid for all the hours she worked. Instead she told Plaintiff "you can save three hours a day if you don't go around asking questions."

17. Plaintiff estimates that based upon unlawful rounding, automatic lunch deduction and failure to pay her for the full hours she worked, between November 17, 2014 and March 31, 2017, Plaintiff is owed approximately $60,000 in un-paid wages and over-time.

18. Defendant's actions as set forth herein were willful and intentional.

## COUNT ONE
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)

19. Plaintiff repeats and re-alleges each of the preceding paragraphs as if set forth at length herein.

20. At all times relevant to the Complaint, Plaintiff was an hourly employee of a political subdivision of the State of New Jersey as that term is defined in the FLSA, 29 U.S.C. §201, et seq.

21. Pursuant to the FSLA, between November 17, 2014 and March 31, 2017, Plaintiff was a non-exempt hourly employee entitled to receive her regular hourly rate of pay for all hours worked up to forty (40) hours per week, and time and half of her regular hourly rate for all hours worked in excess of forty (40) hours each week.

22. Between November 17, 2014 and March 31, 2017, Defendant failed to pay Plaintiff her regular hourly rate for all hours worked up to forty (40) hours per week and failed to pay her time and one half for all hours worked in excess of forty (40) hours per week.

23. Defendant's failure to pay Plaintiff as set forth herein was willful and knowing.

## COUNT TWO
### (Violation of New Jersey's Wage and Hour Law, N.J.S.A. 34:11-56a, et seq.)

24. Plaintiff repeats and re-alleges each of the preceding paragraphs as if set forth at length herein.

25. Pursuant to the NJWHL, between November 17, 2014 and March 31, 2017, Plaintiff was a non-exempt hourly employee entitled to receive her regular hourly rate of pay for all hours worked up to forty (40) hours per week, and time and half of her regular hourly rate for all hours worked in excess of forty (40) hours each week.

26. Between November 17, 2015 and March 31, 2017, Defendant failed to pay Plaintiff her regular hourly rate for all hours worked up to forty (40) hours per week and failed to pay her time and one half for all hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff, Suzanne Vogler, demands judgment be entered in her favor and against Defendant, Morris County, and that this Court grant the following relief:

    a. all unpaid wages and overtime;

    b. liquidated damages;

    c. attorneys' fees;

    d. interest and costs; and

    e. such further and additional relief as this Court deems equitable and just.

**GREEN SAVITS, LLC**
*Attorneys for Plaintiff Suzanne Vogler*

Dated: November 17, 2017    By:_____*s/ Glen D. Savits*_____
                                           Glen D. Savits

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues subject to trial by jury.

**GREEN SAVITS, LLC**
*Attorneys for Plaintiff Suzanne Vogler*

Dated: November 17, 2017    By:_____*s/ Glen D. Savits*_____
                                           Glen D. Savits